UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Julie Delgado-O'Neil,

    Plaintiff,

v.

City of Minneapolis,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 10-4021 (MJD/JJK)

_____

    Jill Clark, Jill Clark P.A., Attorney at Law, Counsel for Plaintiff.

    Susan E. Ellingstad and Julie A. Strother, Lockridge Grindal Nauen P.L.L.P., Counsel for Defendant.

_____

This matter is before the Court on the motion of Defendant City of Minneapolis ("City") for Partial Judgment on the Pleadings.

## I.    Procedural Background

Plaintiff is an attorney employed with the Minneapolis City Attorney's Office. She previously brought a lawsuit against the City in 2008 (Civil No. 08-4924), alleging claims of employment discrimination based on race and retaliation pursuant to Title VII and the Minneapolis Civil Rights Ordinance and a violation of 42 U.S.C. § 1981. Plaintiff brought another action in June 2009

1

(Civil No. 09-1598), in which she asserted claims under 42 U.S.C. §§ 1981 and 1983, and Title VII.  Plaintiff amended the Complaint in 09-1598 on September 9, 2009 [Doc. No. 8].  That action was thereafter consolidated with the first filed action on September 17, 2009.  [Doc. No. 12].

By Order dated August 4, 2011 [Civ. No. 08-4924, Doc. No. 161], this Court granted the City's motion for summary judgment and dismissed Plaintiff's claims with prejudice and judgment was entered.  The Eighth Circuit has affirmed this Court's decision. <u>Delgado-O'Neil v. City of Minneapolis</u>, No. 10-3344, 2011 WL 3759479 (8th Cir. Aug. 25, 2011).

Plaintiff brings this action, again asserting claims of employment discrimination and retaliation under Title VII and the Minnesota Human Rights Act ("MHRA"), disability discrimination under the Americans with Disabilities Act ("ADA"), workers compensation and a First Amendment retaliation claim.

The City has moved for judgment on the pleadings, asking the Court to dismiss the Third Amended Complaint[1] as to any and all claims that arose from the same operative facts underlying many of the claims actually litigated and

---

[1] Although the motion addressed the Second Amended Complaint, the Plaintiff has since obtained permission to file a Third Amended Complaint.  Accordingly, the Court will address the City's motion with reference to the Third Amended Complaint.

resolved in her prior lawsuit or which could have been litigated in that action. The City's motion does not include Plaintiff's claims in the Third Amended Complaint premised on a new alleged threat of termination that occurred after summary judgment briefing in the prior action, her suspension in November 2010, and her June 2010 shoulder injury.

## II. Standard for Judgment on the Pleadings

Judgment on the pleadings is appropriate "where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." Poehl v. Countrywide Home Loans, Inc., 528 F.3d 1093, 1096 (8th Cir.2008) (quoting Faibisch v. Univ. of Minn., 304 F.3d 797, 803 (8th Cir. 2002)). The Court must view the facts pleaded by the nonmoving party as true and grant all reasonable inferences in favor of that party. Id.

### A. Collateral Estoppel

Collateral estoppel prevents relitigation of an issue if the following elements are present:

> (1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit; (2) the issue sought to be precluded must be the same as the issue involved in the prior action; (3) the issue sought to be precluded must have been actually litigated in the prior action; (4) the issue sought to be precluded must have been

determined by a valid and final judgment; and (5) the determination in the prior action must have been essential to the prior judgment.

Robinette v. Jones, 476 F.3d 585, 589 (8th Cir. 2007).

The first, fourth and fifth factors are clearly met in this case. The Court further finds the remaining factors - whether the issues sought to be precluded in this action were raised and actually litigated in the prior action - are also easily met.

In the Third Amended Complaint, Plaintiff claims that she was retaliated against, in violation of Title VII and the MHRA, for engaging in protected conduct, including but not limited to, lodging internal complaints and filing a lawsuit alleging retaliation. (Third Amended Complaint ¶¶ 63 and 73.) Many of the factual allegations asserted in this action were also raised in the prior action. For example, Plaintiff alleges that during her tenure with the Minneapolis City Attorney's office, she filed formal charges of discrimination and has filed two prior lawsuits, and that her supervisors were aware of the fact that she had filed such lawsuits because an article about the lawsuit had been published in the Star Tribune newspaper on November 28, 2008. (Id. ¶¶ 10-12.) These same allegations were also raised in the prior action. (See Civil No. 08-4924 [Doc. No.

161, p. 2, 3, 9 and 11].)  Further, Plaintiff alleges that in May 2007, she had requested accommodation for a hearing impairment.  (Id. ¶ 20.)  She further alleges that she again requested accommodation for her hearing impairment in August 2009, and that such request was not addressed by the City to the Plaintiff's satisfaction.  (Id. ¶¶ 21-27.)  Again, these allegations were raised in the prior action.  (See Civil No. 08-4924 [Doc. No. 161, p. 22-23].)  Other allegations raised in both the prior action and this case in support of the retaliation claims include, but are not limited to: management telling Plaintiff to socialize more (Id. ¶ 48; Civ. No. 08-4924 [Doc. No. 109 at 33,37); management told her to leave her office door open and that her office was too dark (Id. ¶¶ 55 and 56; Civil No. 08-4924 [Doc. No. 109 at 33, 37]); and management interfered with her handling of a case (Id. ¶ 61a; Civil No. 08-4924 [Doc. No. 102 at 28(q)]).

It is also clear that these allegations were actually litigated in the prior action.  With respect to Plaintiff's claims of retaliation under Title VII and the MCRO based on excessive discipline and negative performance evaluations, this Court found that Plaintiff had failed to demonstrate that she suffered an adverse employment action, and dismissed the claims with prejudice.  (Civil No. 08-4924 [Doc. No. 161 at 18-19].)  With respect to Plaintiff's claim that she was not

5

promoted to a supervisor position in 2009 in retaliation for filing complaints of discrimination, the Court rejected Plaintiff's arguments as to pretext. In doing so, the Court rejected Plaintiff's argument that she has a hearing impairment as Plaintiff did not submit any medical documentation concerning her hearing impairment. (Id. at 23.)

Accordingly, the Court finds that Plaintiff is collaterally estopped from asserting retaliation claims based on factual allegations that occurred prior to September 9, 2009, the date the Second Amended Complaint was filed in Civil No. 09-1598, which was consolidated with Civil No. 08-4924. The Court further finds that Plaintiff is estopped from asserting that as of May 2007, she has a hearing impairment. Plaintiff raised the issue of her hearing impairment in the prior action, and had the opportunity to submit to the Court documentation supporting her claim that she had a hearing impairment, but she failed to do so.

**B.     Res Judicata**

Under the doctrine of res judicata, also known as claim preclusion, a party is barred from bringing "repetitive suits involving the same cause of action." Lundquist v. Rice Mem'l Hosp., 238 F.3d 975, 977 (8th Cir. 2001) (citation omitted). "Final judgment on the merits of an action precludes the same parties

from relitigating issues that were or could have been raised in that action." Id. (citation omitted).

To determine if res judicata applies the Court must decide: "(1) whether the prior judgment was rendered by a court of competent jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases." Banks v. Int'l Union Elec., Elec., Technical, Salaried & Machine Workers, 390 F.3d 1049, 1052 (8th Cir. 2004) (citation omitted). "[A] claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." Id. (citation omitted). "Furthermore, the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect." Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998) (citation omitted). In addition, "[i]t is well settled that claim preclusion does not apply to claims that did not arise until after the first suit was filed." Baker Group, L.C. v. Burlington Northern and Santa Fe Railway Co., 228 F.3d 883, 886 (8th Cir. 2000).

There can be no dispute that the prior judgment in Civil No. 08-4924 was rendered by a court of competent jurisdiction, it was a final judgment on the

merits and it involved the same parties as involved in this case. The only issue is whether the same causes of action were raised in the prior action.

The City argues that Plaintiff's retaliation claims presented in Count I and III are identical of those raised in the prior action, and that Plaintiff's claim of failure to accommodate her hearing impairment asserted in Count II could have been brought in the prior action. The City thus argues the claims are barred by res judicata.

As discussed above, Plaintiff's retaliation claims arise out of allegations concerning the same performance reviews, PIP meetings, criticisms from coworkers and management raised in the prior action. The fact that Plaintiff now asserts a retaliation claim under the MHRA[2] does not bar application of res judicata, for the doctrine applies to any claim that is in essence the same claim already litigated "dressed up to look different." Lane v. Peterson, 899 F.2d 737, 744 (8th Cir. 1990).

In Count II of the Third Amended Complaint, Plaintiff has asserted a claim of failure to accommodate and retaliation in violation of the Americans with

---

[2]Claims arising under the MHRA are construed in accordance with federal law arising under Title VII. Bahr v. Capella Univ., 788 N.W.2d 76, 81 (Minn. 2010).

Disabilities Act.  Plaintiff alleges that she has a hearing problem, and sought accommodation for such hearing problem in May 2007.  (Third Am. Compl. ¶ 20.)  Plaintiff further alleges that her hearing impairment was obvious and should have been accommodated.  (Id. ¶ 21.)  She alleges that she feared retaliation if she continued to seek accommodation, but she did so to help her perform her job.  (Id. ¶ 21.5.)  In August 2009, Plaintiff again sought accommodation for her disability through her commentary concerning her 2007-2008 performance review.  (Id. ¶ 23.)  She alleges that she met with two of her managers concerning her request for accommodation on August 25, 2009, and that she received an email dated September 3, 2009, from one of the managers she met with, summarizing the meeting.  (Id. ¶¶ 24 and 25.)  Plaintiff alleges that this "follow-up" email did not accurately describe the meeting, and that her managers did not agree to communicate to others that she had a hearing impairment.  (Id. ¶ 26.)  Plaintiff alleges that she believed her request for accommodation was treated as an act of war.  (Id. ¶ 27.)

The Court finds that Plaintiff's failure to accommodate and retaliation claims under the ADA, based on her alleged hearing impairment, clearly arose from the same operative facts underlying the claims at issue in the prior action.

As the Third Amended Complaint makes clear, these disability claims are based on prior performance reviews from 2006, 2007 and 2008 and from requests for accommodations for her hearing impairment that were not honored by the City prior to September 9, 2009.

The fact that Plaintiff may have obtained additional information through discovery in this case to support her ADA claims does not bar application of res judicata or collateral estoppel. See Liberty Mut. Ins. Co. v. FAG Bearing Corp., 335 F.3d 752 (8th Cir. 2003) (finding that newly discovered evidence may preclude application of the collateral estoppel doctrine, unless the party against whom collateral estoppel is asserted was deprived of the evidence through no fault of their own); (Winrock Grass Farm, Inc. v. Affiliated Real Estate Appraisers of Ark., Inc., __ S.W.3d __, 2010 WL 1233476 (Ark. Ct. App. March 31, 2010) (finding that new evidence or research will not prevent the application of res judicata). Accordingly,

IT IS HEREBY ORDERED that Defendant City of Minneapolis' Motion for Partial Judgment on the Pleadings [Doc. No. 35] is GRANTED. Counts I, II and III of the Third Amended Complaint are hereby dismissed in part as follows: Plaintiff's retaliation claims asserted in Counts I and III are barred to the extent

such claims are based on factual allegations that arose prior to September 9, 2009, and Plaintiff's failure to accommodate and retaliation claims asserted in Count II are barred to the extent such claim is based on a hearing impairment.


Date:  October 30, 2011                     s/ Michael J. Davis
                                            Chief Judge Michael J. Davis
                                            United States District Court